George **ADAMO**, Individually, and as Administrator of the Estate of his minor children, Sandra, Tammy, Nancy, and Danny Adamo, Plaintiff-Appellant,

v.

Dr. Thomas **GIVENS**, Defendant-Appellee.

No. 77–1529

Summary Calendar.*

United States Court of Appeals, Fifth Circuit.

Aug. 12, 1977.

---

* Rule 18, 5 Cir.; *see Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al.,* 5 Cir., 1970, 431 F.2d 409, Part I.

Larry P. Boudreaux, Thibodaux, La., for plaintiff-appellant.

Albert H. Hanemann, Jr., New Orleans, La., for defendant-appellee.

Before AINSWORTH, MORGAN and GEE, Circuit Judges.

PER CURIAM:

Appellant George Adamo brought this action seeking damages from Dr. Thomas Givens for allegedly causing the death of Mrs. Adamo through malpractice. The district judge ruled that Adamo's action was foreclosed by the running of the one-year prescriptive period of La.Civ.Code art. 3536. Adamo does not dispute that if Louisiana law controls this case that art. 3536 applies and he is foreclosed. Adamo urges, however, that Louisiana jurisprudence requires inquiry in tort cases into the jurisdiction having the most significant contacts or relationships to the issue in question, and adopting the conflicts of law rule of that jurisdiction. *Jagers v. Royal Indemnity Co.,* 276 So.2d 309 (La.1973). Adamo asserts that such an inquiry will reveal that the most significant contacts in this case are with Texas, which has a two-year prescriptive rule in cases such as this.

Even if we accept Adamo's argument, as the trial judge points out in his minute entry, "Although plaintiff may have resided part of the time in the State of Texas, all pertinent contacts are with the State of Louisiana. It was there that Mrs. Adamo resided and was treated by defendant, and there that she died." These facts are confirmed by Adamo's pleadings and by his affidavit, which appears in the record. There appearing before us no other disputed issue of material fact, we affirm the decision of the district judge.

AFFIRMED.